Allen v. Standard Mineral Co.

LARRY W. ALLEN, EMPLOYEE/PLAINTIFF v. STANDARD MINERAL COMPANY, EMPLOYER, HARTFORD ACCIDENT & INDEMNITY INSURANCE COMPANY, CARRIER/DEFENDANTS

No. 8410IC241

(Filed 4 December 1984)

1. **Master and Servant § 69.1— silicosis—total disability—findings supported by evidence**

   The Industrial Commission's finding of fact that plaintiff was entitled to compensation for life was supported by evidence from three physicians that plaintiff suffered from silicosis, that he experienced weakness and shortness of breath at all times, and that this condition was exacerbated by any physical exertion, and by an education and work history consisting of graduation from high school followed by manual labor. G.S. 97-29.

2. **Master and Servant § 97.1— salary continuation—deducted from compensation**

   Where plaintiff's employer continued paying his salary for 26 weeks after he left his employment and those 26 weeks were deducted from the 104 weeks of compensation mandated by G.S. 97-61.5, but the record did not indicate the legal status of the salary continuation, the matter was remanded to the Industrial Commission for further proceedings. If the salary continuation was a contract obligation, then plaintiff is due the 26 weeks compensation. G.S. 97-61.6.

APPEAL by defendants from opinion and award of the North Carolina Industrial Commission filed 8 November 1983. Heard in the Court of Appeals 15 November 1984.

Plaintiff filed a claim for disability benefits under the Workers' Compensation Act alleging he was suffering from the occupational disease of silicosis. Deputy Commissioner Sellers found that plaintiff was totally and permanently disabled and directed defendant to pay compensation to plaintiff for his lifetime. Defendant appealed to the Industrial Commission which adopted and affirmed Deputy Commissioner Sellers' award. From the decision of the Industrial Commission defendant appeals.

*Staton, Perkinson, West and Doster, by William W. Staton and Stanley W. West, for plaintiff appellee.*

*LeBoeuf, Lamb, Leiby and MacRae, by J. Frank Huskins and I. Edward Johnson, for defendant appellants.*

HILL, Judge.

Plaintiff is a forty-one year old male with a high school education whose work experience has been limited to manual labor. Plaintiff worked for defendant-employer in its Robbinsville plant for approximately twenty years, the last fourteen years continuously. Defendant-employer mines pyrophyllite which contains a great deal of silica. As a result of being exposed to silica dust in defendant-employer's plant, plaintiff has silicosis. Silicosis is an occupational disease in which scar tissue is formed around silica dust deposited in the lungs causing irreversible lung damage.

Plaintiff left his job as foreman at defendant's Robbinsville plant on 24 May 1980 upon the recommendation of the Advisory Medical Committee of the Industrial Commission. At that time and at subsequent examinations in 1981 and 1982 plaintiff was diagnosed as having silicosis grade I, with forty percent disability. Since leaving defendant-employer's plant, plaintiff has sought work at various local businesses as well as through the Employment Security Commission without success.

Plaintiff received his full salary from defendant-employer for twenty-six weeks after he terminated employment with them. At the end of the twenty-six weeks, plaintiff signed an agreement with defendant-carrier which provided that defendant-carrier would pay plaintiff the statutorily mandated amount, see G.S. 97-61.5(b), for one hundred and four weeks minus the twenty-six weeks paid by defendant-employer. After plaintiff's June 1982 medical examination by Dr. Seay, a final hearing in the cause was held to determine what compensation, if any, plaintiff was entitled to receive in addition to the one hundred and four weeks compensation already received by him. After the hearing the Commission entered an order holding that plaintiff was entitled to compensation for life because he was totally disabled and he was also entitled to an amount equal to the total due for the twenty-six weeks of the one hundred and four weeks compensation not paid by defendant-carrier. From the entry of this order defendants appeal.

When reviewing appeals from the Industrial Commission the court is limited in its inquiry to two questions of law: (1) whether there was any competent evidence before the Commission to support its findings of fact; and (2) whether the findings of fact of the

Commission justify its legal conclusions and decision. *Hansel v. Sherman Textiles*, 304 N.C. 44, 283 S.E. 2d 101 (1981). The findings of fact made by the Commission are conclusive on appeal if supported by competent evidence. *Morrison v. Burlington Industries*, 304 N.C. 1, 282 S.E. 2d 458 (1981). This is so even if there is evidence which would support a finding to the contrary. *Id.*

[1] With these precepts in mind we look at defendants' first issue on appeal. Defendants contend there is insufficient competent evidence to support the finding that plaintiff's incapacity to earn wages as a result of silicosis is total and permanent which leads to a faulty conclusion that he is entitled to compensation and medical benefits for life.

Disability, as applied to cases of silicosis, means the incapacity of an employee to earn in any employment the wages he was receiving at the time of his last injurious exposure to silica dust. G.S. 97-54. The statutory definition is stated in terms of ability to earn not in terms of physical impairment. The question to be answered is what effect the disabling disease has had on this particular plaintiff's ability to earn taking into consideration his age, education and work training and experience. *Little v. Food Service*, 295 N.C. 527, 246 S.E. 2d 743 (1978); *Hyatt v. Waverly Mills*, 56 N.C. App. 14, 286 S.E. 2d 837 (1982).

The Commission's finding, that plaintiff is entitled to compensation for life for total disability as that term is defined in G.S. 97-54, is amply supported by the evidence. The testimony of three physicians who had examined plaintiff was before the Commission. All three physicians agreed that plaintiff suffered from silicosis caused by prolonged exposure to silica dust. Dr. Bell, plaintiff's family physician, testified that he found that plaintiff had marked bilateral expiratory wheezing which indicated at least a fifty percent reduction in airway size. Dr. Bell noted that though he had never observed plaintiff while he was engaged in strenuous exercise, he had observed plaintiff when he had rested for five minutes after having walked from his car to the doctor's office. At those times, Dr. Bell commented, plaintiff was frequently dyspneic, short of breath and audibly wheezing. Dr. Bell stated that in his opinion plaintiff could not engage in sustained physical activity.

Dr. Willis Seay, who examined plaintiff several times over a period of three years for the Industrial Commission, diagnosed plaintiff as having silicosis stage I. When asked whether plaintiff could continue to be employed in work which would require physical activity and manual labor, Dr. Seay replied he could not. Dr. Seay further testified that in his experience the majority of patients had not worked much after a diagnosis of silicosis. He suggested, "If they had some hobby that they could make profitable where they could . . . work a while and rest a while—they could get along pretty well. But to get out in modern industry, you can't do much."

Dr. Charles Williams who testified for defendants agreed that plaintiff had moderate pulmonary impairment which would prevent him from engaging in activities that are strenuous or call for prolonged exertion. The picture painted by the testimony of all three physicians was that of a man who experienced weakness and shortness of breath at all times and that this condition was exacerbated by any physical exertion.

Plaintiff presented evidence concerning his education and work history bearing upon his capacity to earn wages. Plaintiff began to work soon after he graduated from high school. He pursued no further education on his own and his job required no special training. All his adult life plaintiff has earned wages by the sweat of his brow. Even when he rose to the level of foreman with defendant-employer, plaintiff testified that his job entailed accounting for the other workers and "getting the job done" which required strenuous physical activity.

Citing *Gillikin v. Burbage*, 263 N.C. 317, 139 S.E. 2d 753 (1965) defendants argue that plaintiff has failed to adequately establish a causal link between his medical condition and his total disability. Defendant claims the medical evidence presented before the Commission proved only a partial disability, and that the finding of total disability by the Commission is without evidentiary support.

*Gillikin* was an action for damages for personal injuries sustained in an automobile accident. At issue was the question of whether plaintiff's ruptured disc was the result of the accident or had an unrelated cause. The court said to hold defendant responsible for plaintiff's ruptured disc plaintiff must present sufficient

evidence to establish *prima facie* the causal relation between defendant's negligence and plaintiff's injury and this they had failed to do.

We agree with defendant that the medical evidence in and of itself was not sufficient to support a conclusion of total disability. Here, however, medical evidence paints only part of the picture. Many factors must be weighed to determine if a man can earn a day's wage. If a man earns his living by his brain power, a physical impairment such as plaintiff's would have little effect on his work. If however a man earns his living by muscles and sweat, what can he do when his breath is gone? The relevant inquiry under G.S. 97-29 is not whether all or some persons with plaintiff's degree of injury are capable of working and earning wages, but whether plaintiff has such capacity. *Little v. Food Service*, 295 N.C. 527, 246 S.E. 2d 743 (1978). We find the conclusion of the Commission that plaintiff is totally disabled adequately supported by the evidence.

[2] Defendants next argue that they are entitled to credit for the full salary paid to plaintiff for the twenty-six weeks after he left defendant's employment against the one hundred and four weeks compensation mandated by G.S. 97-61.6. The Industrial Commission found that the twenty-six week salary continuation should have been paid plaintiff in addition to the one hundred and four weeks compensation due under G.S. 97-61.5. It appears that if the salary continuation was a contractual obligation of defendant-employer then plaintiff is due the twenty-six weeks compensation not yet paid.

We have reviewed the hearing record carefully and are unable to find any competent evidence which would shed some light on the legal status of the twenty-six weeks salary paid. The only evidence presented on this issue was plaintiff's testimony that salaried people would automatically get six months pay if they were out of work in case of sickness. Because we feel that more information is necessary before an equitable decision can be made concerning this award we direct that this case be remanded to the Industrial Commission for further proceedings as to this issue only.

The order of the Industrial Commission is affirmed in part and remanded in part.

Affirmed in part; remanded in part.

Judges HEDRICK and WEBB concur.